UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

          v.                                              CR NO. 06-144 (ESH/JMF)

**KEVIN A. MOTLEY**
**also known as Jerome Motley,**

       **Defendant.**

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. On January 11, 2005, defendant sold 61.9 grams of crack cocaine to a confidential informant for $1800. This transaction took place at 311 50th Street NE, Apartment 32 and was recorded on a hidden audio/video device known as a "button cam."

2. On April 2, 2005, defendant sold 56.7 grams of crack cocaine to a confidential informant for $1800. This transaction took place at the same locale and was also captured on a button cam.

3. On May 4, 2005, defendant sold 57.1 grams of crack cocaine to a confidential

      informant for $1800. This transaction took place in the parking lot of a Wendy's restaurant located on the 4200 block of Nanny Helen Burroughs Avenue and was captured on a button cam. After first meeting defendant inside the restaurant, the confidential informant went to defendant's car to retrieve the crack cocaine from the vehicle's center console, leaving the payment for the drugs in the car.

4. On May 19, 2005, a search of 311 50th Street NE, Apartment 32 yielded a Glock 9MM pistol loaded with twelve rounds of ammunition, a .22 caliber Beretta pistol loaded with seven rounds of ammunition, $2355 in cash, credit cards bearing defendant's name, a photo ID of defendant, a small bag containing marijuana, a scale with cocaine residue, and cooking utensils believed to be used to cook crack cocaine. Defendant was found inside the apartment with another individual.

5. On April 11, 2006, defendant sold 58.9 grams of crack cocaine to a confidential informant for $1800. The conversation regarding the transaction was recorded on an audio device.

6. On June 13, 2006, the date of defendant's arrest, defendant was captured on video inside a vehicle placing 125 grams of crack cocaine between the seat of the vehicle and the center console. Defendant admitted that he bought this quantity of crack cocaine for $3000 with the intent to sell it to another individual.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the

community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e.  Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

 4.  The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

  An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

  **The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  Defendant was charged with the sale of crack cocaine to a confidential informant in violation of the Controlled Substances Act. Additionally, defendant was charged with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year.

  **Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**  Defendant lives with his girlfriend at 311 50th Street NW, Apartment 32 and is unemployed.  His mother lives in the District of Columbia metropolitan area as well.

  **The weight of the evidence.**  The weight of the evidence is substantial.  Between January 11, 2005 and April 11, 2006, defendant took part in four transactions involving the sale of crack cocaine that were captured on video and/or audio devices.  A search of the apartment in which defendant resides with his girlfriend yielded weapons, a large amount of cash, a scale with cocaine residue, and supplies that are commonly used to cook crack cocaine.  On June 13, 2006,

defendant was recorded on video stashing inside a vehicle 125 grams of cocaine which he admits he intended to sell.

**History relating to drug or alcohol abuse.** Evidence of possible drug or alcohol abuse by defendant was not introduced.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.** Defendant has been convicted of two prior drug felonies for attempt to distribute heroin and distribution of cocaine. Additionally, defendant was charged with a violation of the Bail Reform Act in 1998.

## CONCLUSION

First, the government seems to have a nearly overwhelming case. Second, the defendant was dealing in wholesale amounts of drugs and sold those drugs in those amounts over a period of time, clearly indicating that he is in the business of selling drugs. Third, when the apartment where he apparently resides was searched, a firearm was found. Finally, the defendant has been convicted of two prior felony drug offenses. There is nothing here to rebut the presumption of dangerousness created by the Bail Reform Act. I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**June 23, 2006**