UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 06-144 (ESH)** |
| | : | |
| v. | : | |
| | : | |
| **KEVIN A. MOTLEY** | : | |
| also known as Jerome Motley | : | |
| | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct on the part of the defendant which is relevant to defendant's intent, knowledge, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)").  In support of its motion, the government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

**I.    The Present Case**

The defendant is charged in a five-count indictment with four counts of Unlawful Distribution of 50 Grams or More of Crack Cocaine and one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for One Year or More.

In this case, the government seeks to introduce evidence of defendant's prior possession and distribution of heroin and possession with intent to distribute crack cocaine under Federal Rule of Evidence 404(b), for the purpose of proving intent, knowledge, and absence of mistake.

**II.     Legal Standard**

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[1]

## III. Other Crimes Evidence

On October 9, 2001, officers of the Metropolitan Police Department observed the defendant meet with another individual in front of 308 50th Street, NE, Washington, DC. The two engaged in a brief conversation and then entered the hallway of the building. The police entered the building and observed the defendant holding twelve ziplocks of heroin. The defendant was arrested and charged with possession with intent to distribute heroin. On April 5, 2002, the defendant pled guilty to possession of heroin.

On September 26, 1998, an officer of the Metropolitan Police Department, acting in an undercover capacity, entered the 300 Block of 50th Street, NE, Washington, DC in order to purchase narcotics. The officer drove into the area and engaged in a conversation with the defendant about the purchase of narcotics. The undercover then purchased heroin from the defendant. The

---

[1] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. t 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

undercover officer then left the area and the arrest team moved in an arrested the defendant. On December 23, 2003, the defendant pled guilty to Attempt Distribution of Heroin.

On February 27, 1997, a traffic stop was conducted on the defendant, who was driving without a permit. The police recovered numerous ziplocks of crack cocaine from the defendant. On March 12, 1997, the defendant pled guilty to Possession with Intent to Distribute Cocaine.

As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted). In the instant case, among other things, the government must prove that the defendant possessed and distributed the crack cocaine knowingly. The "other crimes" evidence of defendant's previous possession and distribution of another illegal substance, heroin, and the defendant's prior possession with intent to distribute crack cocaine, the very substance he is charged with in the instant case, is highly probative of the defendant's knowing and intentional distribution in this case. As the Court of Appeals observed en banc, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth. Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession." Crowder, 141 F.3d at 1209, n.5 (en banc).

Because of the highly probative nature of such Rule 404(b) evidence in the context of drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here. See, e.g., United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's

prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine); Crowder, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (en banc); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)). The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____

ANN H. PETALAS
Assistant United States Attorney
TX Bar No. 24012852
555 Fourth Street, N.W.
Room 4211
Washington, DC  20530
(202) 307-0476