UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | **CRIMINAL NO. 06-144 (ESH)** |
| : | |
| **v.** : | |
| : | |
| **KEVIN A. MOTLEY** : | |
| also known as Jerome Motley : | |
| : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with prior convictions pursuant to Fed. R. Evid. 609. In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background.**

1. The defendant is charged in a five-count indictment with four counts of Unlawful Distribution of 50 Grams or More of Crack Cocaine and one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for One Year or More. Defendant has been previously convicted of the following offenses: the felony offense of Attempt Distribution of Heroin in D.C. Superior Court Case No. 1998-FEL-006999 on August 6, 1999, for which he was sentenced to three years probation; and Possession with Intent to Distribute Cocaine in D.C. Superior Court Case No. 1997-FEL-001687 on October 1, 1998, for which he was sentenced to two years probation.

**II. Fed. R. Evid. 609(a)(1).**

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). Defendant has been convicted for attempt distribution of heroin and possession with intent to distribute cocaine, which are punishable by more than one years' imprisonment. The offenses occurred within the last ten years. This Court should permit the use of these convictions to impeach the defendant because the probative value outweighs any prejudicial effect. *United States v. Lipscomb*, 702 F.2d 1049 (D.C. Cir. 1983) (*en banc*).

3. In evaluating whether the probative value of these convictions outweigh the prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting *en banc*, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. *Id.* at 1062. In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the *Lipscomb* court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. *Id.* at 1051, 1073.

As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." *United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In *Lewis*, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. *Id.* at 943, 947. The court held

that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, *id*. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury. *Id*. at 950.

    4.    Inasmuch as every impeachment by prior conviction involve some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendant in this case. *Cf. Lipscomb*, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not *if*, but how much") (emphasis in original). Should the defendant testify in this case, the issue of his credibility will be a central issue for the jury. The probative value of the conviction in assessing that credibility, involving as it does a serious offense, clearly outweighs whatever prejudice there may be to the defendant -- particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

**III. Fed. R. Evid. 609(b).**

    5.  Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, the offenses occurred within the last ten years. Thus, the convictions may properly be used for impeachment.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior convictions for impeachment purposes.

                                        Respectfully submitted,

                                        KENNETH L. WAINSTEIN
                                        UNITED STATES ATTORNEY

                                        _____

                                        ANN H. PETALAS
                                        Assistant United States Attorney
                                        TX Bar No. 24012852
                                        555 Fourth Street, N.W.
                                        Room 4211
                                        Washington, DC  20530
                                        (202) 307-0476